UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK LEONARD SHARP,<br><br>  Petitioner,<br><br>  v.<br><br>THE STATE OF NEVADA,<br><br>  Respondent. | Case No. 3:22-cv-00254-LRH-CSD<br><br>ORDER |

   Petitioner Sharp has submitted to the court a document seeking an appeal of a decision entered by the Supreme Court of Nevada in Case No. 84237, a criminal case arising in the Sixth Judicial District Court for Nevada. ECF No. 1. Federal district courts do not have appellate jurisdiction over any state court or state supreme court, whether by direct appeal, writ of mandamus, or otherwise. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). The Rooker-Feldman doctrine prevents "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009) (citation omitted). Thus, the doctrine forecloses the relief Sharp seeks from this court—an order from a federal district court overturning the Nevada courts' decisions in his case.

Sharp's avenue for relief in this court, if any, would be a petition for writ of habeas corpus under 28 U.S.C. § 2254. The court notes, however, that documents filed in Case No. 84237 indicate that he is no longer in custody and that the sentence he seeks to challenge expired in 2019.[1] Petitions under 28 U.S.C. § 2254 are reserved for persons who are "in custody" under the conviction at the time that the petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A habeas petitioner is no longer "in custody" under a judgment of conviction for purposes of federal habeas jurisdiction where the sentence imposed by the 0judgment has fully expired prior to the filing of the federal petition. *See id*. at 492; *DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

Because this court lacks jurisdiction to entertain an appeal of a state court decision, the present action will be dismissed. In the event the court is mistaken with respect to Sharp's custody status, he is advised to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 on the court's approved form, accompanied by either the $5.00 filing fee or a completed application to proceed *in forma pauperis* with all required attachments.

IT THEREFORE IS ORDERED that this action is DISMISSED for lack of jurisdiction. The Clerk shall enter judgment accordingly and close this case.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the court's dismissal of this action to be debatable or incorrect.

IT FURTHER IS ORDERED that the Clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

DATED THIS 8th day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The documents can be accessed online at https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=63355.